**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **GREGORY KELLEY, PAIGE KELLY,** | ) | |
| **MYRA GLASSMAN, MARSHALL MAUER,** | ) | |
| **BARRY CARR, AND MOSHE DAVIS, as** | ) | |
| **TRUSTEES OF SERVICE EMPLOYEES** | ) | |
| **INTERNATIONAL UNION HEALTHCARE** | ) | |
| **IL HEALTH AND WELFARE FUND and** | ) | |
| **GREGORY KELLEY, PAIGE KELLY,** | ) | **Case No.: 17-cv-6496** |
| **FLOYD A. SCHLOSSBERG, AND** | ) | |
| **MARSHALL MAUER, as TRUSTEES OF** | ) | |
| **THE SERVICE EMPLOYEEES** | ) | |
| **INTERNATIONAL UNION HEALTHCARE** | ) | |
| **IL PENSION FUND,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **PARK VILLA NURSING AND** | ) | |
| **REHABILITATION CENTER, LLC,** | ) | |
| **EVERGREEN LIVING & REHAB CENTER,** | ) | |
| **LLC d/b/a THE VILLA AT EVERGREEN** | ) | |
| **PARK, and THE VILLA AT WINDSOR** | ) | |
| **PARK NURSING AND REHAB CENTER,** | ) | |
| **LLC,** | ) | |
| | | |
| **Defendants.** | | |

## <u>COMPLAINT</u>

Plaintiffs Gregory Kelley, Paige Kelly, Myra Glassman, Marshall Mauer, Barry Carr, and

Moshe Davis, as Trustees of the SERVICE EMPLOYEES INTERNATIONAL UNION

HEALTHCARE IL HEALTH AND WELFARE FUND ("Health Fund"), and Gregory Kelley,

Paige Kelly, Floyd A. Schlossberg, and Marshall Mauer, as Trustees of the SERVICE

EMPLOYEES INTERNATIONAL UNION HEALTHCARE IL PENSION FUND ("Pension

Fund") (collectively, "the Funds"), through their attorneys, Dowd, Bloch, Bennett, Cervone,

Auerbach & Yokich by way of their complaint against Defendants PARK VILLA NURSING

AND REHABILITATION CENTER, LLC ("Park Villa"), EVERGREEN LIVING & REHAB

CENTER, LLC d/b/a THE VILLA AT EVERGREEN PARK ("Evergreen Villa") and THE

VILLA AT WINDSOR PARK NURSING AND REHAB CENTER, LLC ("Windsor Villa"),

(collectively, "Villa Companies"), state as follows:

## COUNT I

### FAILURE TO PAY EMPLOYEE BENEFIT FUND CONTRIBUTIONS
### (ALL DEFENDANTS)

1.      The Funds are multiemployer benefit plans within the meaning of Sections 3(3)

and 3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29

U.S.C. § 1002(3) and (37A).  The Trustees and the Funds maintain offices and conduct business

within this district.

2.      Park Villa is incorporated in Delaware and registered to do business in the State

of Illinois.  Evergreen Villa and Windsor Villa are  incorporated and registered to do business in

Illinois.  At all relevant times, the Villa Companies were doing business within this District and

were each an "employer" within the meaning of ERISA Section 3(5), 29 U.S.C. § 152(2).

3.      Jurisdiction and venue are vested in this Court under ERISA Sections 502(e)(1)

and (2), 29 U.S.C. § 1132(e)(1) and (2), and LMRA Sections 301(a) and (c), 29 U.S.C. § 185(a)

and (c).

4.      The Service Employees International Union Healthcare IL and IN ("SEIU")

formerly known as Service Employees International Union, Local 4, is a labor organization

within the meaning of the LMRA Section 101, 29 U.S.C. § 152(5), that maintains its principle

offices in this district.

5.      The Villa Companies, at all relevant times, have been a party to a collective

bargaining agreement with SEIU (hereinafter, "Agreement").

6.     Under the terms of the Agreement, the Villa Companies are required to make monthly contributions to the Funds on behalf of all of their full-time employees and on behalf of their part-time employees who elect coverage and are covered by the Agreement.

7.     The Agreement also requires the Villa Companies to submit monthly remittance reports in which the Villa Companies, *inter alia*, identify the employees covered under the Agreement and the amount of contributions remitted to the Funds on behalf of each covered employee.

8.     The Villa Companies must also pay contributions for each month worked by their employees to the Funds.  The Villa Companies are required to remit contributions to the Funds along with the remittance report.  Pursuant to the Funds' Trust Agreements and collection procedures, Employers who fail to report and/or remit contributions are liable to pay interest on the delinquent contributions and an additional 10% in liquidated damages to the Funds, which increases to 20% once a lawsuit is filed, as well as all costs of collection, including reasonable audit expenses, attorneys' fees, and court costs.  A true and correct copy of the Funds' collection procedures is attached hereto as Exhibit A.

9.     As revealed pursuant to an audit of the Villa Companies' records for the period of January 1, 2015 through December 31, 2016 (hereinafter, the "audit"), the Villa Companies failed to correctly report and pay contributions owed to the Funds, thereby depriving the Funds of contributions, income, and information needed to administer the Funds, and jeopardizing the benefits of participants and beneficiaries.  A true and correct copy of the Park Villa audit, the Evergreen Villa audit, and the Windsor Villa audit is attached hereto as Exhibit B, C, and D, respectively.

3

10.     On August 8, 2017, the Welfare Fund received a partial payment from the Villa Companies in the amount of $38,053.18, and the Pension Fund received a partial payment from the Villa Companies in the amount of $77,788.83.  Those payments were applied on a pro rata basis towards the delinquencies of the three different Villa Companies.

11. Accordingly, as demonstrated by the audits, the Villa Companies owe the following amounts to the Funds, in addition to attorneys' fees and costs:

| Park Villa Nursing & Rehab Audit (1/15 - 12/16) | Welfare | | Pension | |
|---|---|---|---|---|
| Contributions | $ | 11,700.00 | $ | 11,607.26 |
| Interest | $ | 2,081.15 | $ | 2,122.18 |
| Liquidated Damages | $ | 2,340.00 | $ | 2,321.45 |
| Audit Fee | $ | 1,872.50 | $ | 1,872.50 |
| **Total Delinquency** | **$** | **17,993.65** | **$** | **1Par7,923.39** |
| Check No. 012451 | $ | (6,167.46) | $ | - |
| Check No. 012452 | $ | - | $ | (14,068.81) |
| **Balance Due** | **$** | **11,826.19** | **$** | **3,854.58** |

| Villa at Evergreen Park Audit (1/15 - 12/16) | Welfare | | Pension | |
|---|---|---|---|---|
| Contributions | $ | 24,600.00 | $ | 26,503.84 |
| Interest | $ | 5,518.12 | $ | 5,205.71 |
| Liquidated Damages | $ | 4,920.00 | $ | 5,300.77 |
| Audit Fee | $ | 3,692.50 | $ | 3,692.50 |
| **Total Delinquency** | **$** | **38,730.62** | **$** | **40,702.82** |
| Check No. 012451 | $ | (13,275.21) | $ | - |
| Check No. 012452 | $ | - | $ | (31,949.33) |
| **Balance Due** | **$** | **25,455.41** | **$** | **8,753.49** |

| Villa at Windsor Park Audit (1/15 - 12/16) | Welfare | | Pension | |
|---|---|---|---|---|
| Contributions | $ | 37,200.00 | $ | 26,961.99 |
| Interest | $ | 6,856.41 | $ | 5,320.85 |
| Liquidated Damages | $ | 7,440.00 | $ | 5,392.40 |
| Audit Fee | $ | 2,800.00 | $ | 2,800.00 |
| **Total Delinquency** | **$** | **54,296.41** | **$** | **40,475.24** |
| Check No. 012451 | $ | (18,610.51) | $ | - |
| Check No. 012452 | $ | - | $ | (31,770.69) |
| **Balance Due** | **$** | **35,685.90** | **$** | **8,704.55** |

12.     From at least January 1, 2015 through the present, the Villa Companies employed employees who performed work covered by the Agreement.

13.     Despite the Funds' demands, the Villa Companies have not remitted payment for the unpaid contributions or liquidated damages, interest, audit fees, and attorneys' fees.

14.     All conditions precedent to requiring payment of contributions to the Funds have been met.

15.     The Villa Companies' failure to correctly report and remit contributions to the Funds violates ERISA Section 515, 29 U.S.C. § 1145, and LMRA Section 301, 29 U.S.C. § 185.

16.     Under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), the terms of the Agreement, and the Funds' governing trust documents, the Villa Companies are liable to the Funds for unpaid contributions, interest, liquidated damages in the amount of 20%, audit costs, and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request a judgment against Defendants PARK VILLA NURSING AND REHABILITATION CENTER, LLC, EVERGREEN LIVING & REHAB CENTER, LLC d/b/a THE VILLA AT EVERGREEN PARK, and THE VILLA AT WINDSOR PARK NURSING AND REHAB CENTER, LLC, as follows:

1.     Finding that PARK VILLA NURSING AND REHABILITATION CENTER, LLC, EVERGREEN LIVING & REHAB CENTER LLC, and THE VILLA AT WINDSOR PARK NURSING AND REHAB CENTER, LLC violated the Agreement;

2.     Finding that PARK VILLA NURSING AND REHABHILITATION CENTER, LLC, EVERGREEN LIVING & REHAB CENTER, LLC, and THE VILLA AT WINDSOR PARK NURSING AND REHAB CENTER, LLC are liable to the Funds for the delinquent contributions owed as revealed pursuant to the audit covering the period of January 1, 2015 through December 31, 2016, interest, liquidated damages, audit costs and attorneys' fees and costs;

6

3.      Finding that PARK VILLA NURSING AND REHABHILITATION CENTER, LLC, EVERGREEN LIVING & REHAB CENTER, LLC, and THE VILLA AT WINDSOR PARK NURSING AND REHAB CENTER, LLC are liable to the Funds for all claims incurred by its employees and submitted to the Funds for period between January 1, 2015 through December 31, 2016 when contributions were not made as required by the Agreement;

4.      Ordering PARK VILLA NURSING AND REHABHILITATION CENTER, LLC, EVERGREEN LIVING & REHAB CENTER, LLC, and THE VILLA AT WINDSOR PARK NURSING AND REHAB CENTER, LLC to pay to the Funds all delinquent contributions to date, interest, liquidated damages, audit fees, and attorneys' fees and costs;

5.      Entering judgment against PARK VILLA AND REHABILITATION CENTER, LLC in favor of the Service Employees International Union Healthcare IL Health and Welfare Fund in the amount of $11,826.19, and in favor of the Service Employees International Union Healthcare IL Pension Fund in the amount of $3,854.58 for all delinquent contributions to date, interest, liquidated damages, and audit fees, and awarding the Funds their attorneys' fees and costs incurred in pursuing collections;

6.      Entering judgment against EVERGREEN LIVING & REHAB CENTER, LLC in favor of the Service Employees International Union Healthcare IL Health and Welfare Fund in the amount of $25,455.41, and in favor of the Service Employees International Union Healthcare IL Pension Fund in the amount of $8,753.49 for all delinquent contributions to date, interest, liquidated damages, and audit fees, and awarding the Funds their attorneys' fees and costs incurred in pursuing collections;

7.      Entering judgment against THE VILLA AT WINDSOR PARK NURSING AND REHAB CENTER, LLC in favor of the Service Employees International Union Healthcare IL Health and Welfare Fund in the amount of $35,685.90, and the Service Employees International Union Healthcare IL Pension Fund in the amount of $8,704.55 for all delinquent contributions to date, interest, liquidated damages, and audit fees, and awarding the Funds their attorneys' fees and costs incurred in pursuing collections; and

8.      Granting all such other legal and equitable relief as the Court deems just and proper.

Respectfully submitted,


/s/ Elizabeth L. Rowe
One of Plaintiffs' Attorneys

J. Peter Dowd (#0667552)
Josiah A. Groff (#6289628)
Elizabeth L. Rowe (ARDC# 6316967)
DOWD, BLOCH, BENNETT, CERVONE,
AUERBACH & YOKICH
8 S. Michigan Avenue – 19th Floor
Chicago, IL 60603
(312) 372-1361